IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MANUEL DE JESUS MENDEZ TRIGUEROS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | 1:26-cv-205 (AJT-WPB) |
| ROBERT GUADIAN, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## ORDER

Before the Court is Petitioner Manuel de Jesus Mendez Trigueros's Motion for Respondents to Show Cause as to why they found Petitioner to be a flight risk, [Doc. No. 6], (the "Motion") in which he challenges, in substance, the constitutional adequacy of the bond hearing he received pursuant to the Court's Order dated January 29, 2026, [Doc. No. 5]. *See* [Doc. No. 6] at 4 (alleging that Respondents "are not willing to and will not afford the Petitioner his legal rights under the Constitution"); *id.* at 5 (requesting this Court to "protect Petitioner's constitutional rights."). Upon consideration of the Motion, the memoranda in opposition thereto [Doc. No. 10], the audio recording of Petitioner's bond hearing and for the reasons stated herein, the Court concludes that the Petitioner did not receive a constitutionally compliant bond hearing. The Motion is GRANTED and the Respondents are ordered to either release Petitioner or conduct an individualized bond hearing consistent with this Order.

Petitioner is a citizen of El Salvador, who entered the United States without inspection in 2003. [Doc. No. 1] ¶¶ 1, 3. On January 9, 2026, Petitioner was detained by ICE officers and taken to Caroline Detention Facility, where he remains detained. *Id.* ¶ 50. On January 22, 2026, Petitioner filed a Petition for Writ of Habeas Corpus, (the "Petition"), seeking release from his ICE custody, or in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a) on the grounds that his ongoing

detention violates the Immigration and Nationality Act (the "INA"), the bond regulations, and his constitutional due process rights.

By Order dated January 29, 2026 [Doc. No. 5], the Court determined that Petitioner's ongoing detention pursuant to 8 U.S.C. § 1225(b)(2) violates the INA and the Fifth Amendment of the Constitution and ordered that Respondents provide Petitioner with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of the date of the Court's Order and that Respondents file a status report with this Court within three days of the bond hearing, stating whether Petitioner has been granted bond, and, if his request for bond was denied, the reasons for that denial. On February 9, 2026, the Respondents filed a Notice that "[t]he Immigration Court held a bond hearing for petitioner, at which time petitioner was denied bond as a flight risk." [Doc. No. 9]. No further explanation of the Immigration Court's decision was provided in that Notice. However, Respondents, with the Court's leave, also filed a recording of his bond hearing, which the Court has considered, [Doc. Nos. 11, 12].

The Immigration Judge acknowledged that the Petitioner was not a danger to community but denied bond based on his finding that Petitioner is a flight risk. [Doc. No. 10] at 2. As summarized by Respondents, the Immigration Judge concluded that "the evidence in the record of [Petitioner's] fixed address and numerous letters of support could not overcome Petitioner's recent violations of tax laws and his unauthorized work in this country for two decades . . . ." *Id.* at 2–3. As reflected in the audio recording, the Immigration Judge found Petitioner to be a flight risk based on his illegal entry into the United States, his failure to seek legal status, his unauthorized employment, what was viewed as his under reporting of his income on his tax return for the last twenty years based on a discrepancy between the amount of income listed in his tax returns and what was listed as his income in an unfiled EOIR-42B application for the cancellation of removal

2

proceedings unsigned by the Petitioner; the Immigration Judge's view that Petitioner's future application for cancellation of removal proceedings was "speculative" because Petitioner had failed to proffer extreme and unusual hardship beyond the fact that his U.S. citizen children, ages 4 and 11, are dependent on him emotionally and financially as the "head of household;" and the lack of a "sponsor letter" among the many letters of support that was presented, including from Petitioner's brother guaranteeing that Petitioner "will appear at every future hearing" and ensure "he complies with all conditions set by the Court." [Doc. No. 6-1] at 71.

On February 6, 2026, Petitioner filed the Motion stating that the Immigration Judge impermissibly denied bond based on his conclusion that Petitioner is a flight risk. In their response to the Motion, the Respondents contend that the Court lacks jurisdiction to review the Immigration Judge's bond decision under 8 U.S.C. § 1226(e) and 8 U.S.C. § 1252(a)(2)(B)(ii).

As an initial matter, the Court concludes that it retains jurisdiction to review whether Respondents provided Petitioner with a constitutionally compliant bond hearing. Section 1226(e) provides:

> The Attorney General's discretionary judgment regarding the application of [§ 1226] shall not be subject to review. No court may set aside any action or decision by the Attorney General under [§ 1226] regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e).

In *Miranda v. Garland*, the Fourth Circuit considered a due process challenge to § 1226(a) bond hearing procedures and held that Section 1226(e) does not deprive the federal courts of jurisdiction to review whether the factors and procedures used in bond determinations are constitutionally compliant. *Miranda*, 34 F.4th at 352-54 (holding that § 1226(e) does not bar constitutional review of whether § 1226(a) bond hearings violate the due process clause). And this

3

Court, relying on *Miranda*, has previously recognized that a motion, such as this one, "challenges, not so much the merits of [the Immigration Judge's] bond determination, although that challenge is implicit in its position, but at its core whether in making that bond determination the Immigration Judge considered those factors necessary to make its determination constitutionally compliant." Order, *Mejia Orozco v. Lyons, et al.*, No. 1:25-cv-01762, (E.D. Va. Dec. 1, 2025), Dkt. No. 20 (rejecting government's argument that Sections 1226(e) and 1252(a)(2)(B) strips the Court of jurisdiction to review whether the Immigration Judge's denial of bond to the Petitioner because he is a flight risk based solely on the denial of his application for cancellation of removal proceedings complies with constitutional due process requirements).

In *Miranda v. Garland*, the Fourth Circuit also considered the types of factors and procedures that would satisfy due process and afford a noncitizen a constitutionally compliant bond hearing. Recognizing that neither the INA nor the Constitution "mandate[s] the factors that must be considered in determining whether to grant bond," the Court of Appeals nevertheless recognized as useful "guidance" the following non-exclusive factors that the BIA had recognized in *In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006) "in determining whether bond is warranted and under what conditions" to ensure "substantial process."

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*Miranda v Garland*, 34 F.4th 338, 362 n.10 (4th Cir. 2022) (citing *In re Guerra*, 24 I. & N. Dec. at 40).

4

Underlying all of these considerations is the clear evidentiary connection these considerations have to whether or not the Petitioner is a danger to the community or a flight risk; and in assessing whether a bond hearing is constitutionally compliant, the Court must assess whether the considerations relied upon to determine whether bond is warranted has a similar evidentiary connection to the determining criteria of danger to the community or flight risk.

At the hearing the Petitioner presented unchallenged evidence supporting a favorable bond decision based on each of the considerations laid out by the BIA in *In re Guerra* and recognized in *Miranda*. He has continuously resided in the United States for approximately 22 years and until he was detained lived in Virginia Beach, Virginia, where he has a permanent and fixed address. [Doc. No. 6] ¶ 5. He has held steady employment for twenty years, including establishing his own company, and has filed tax returns during that time. *Id.* He has family ties, namely two United States citizen and has presented numerous letters of support from members of the community, and a letter of support from his brother, a lawful permanent resident, stating that he will ensure Petitioner complies with all immigration procedures and appears at future hearings. *Id.* ¶¶ 3–5. His family ties may entitle him to reside permanently in the United States, and an application for cancellation of removal has been prepared and was submitted to the Immigration Judge in support of Petitioner's request to be released on bond. *Id.* ¶ 6. Petitioner has never missed a Court hearing and other than a speeding ticket (for which he had paid a fine) and a dismissed traffic citation, which he voluntarily disclosed, there is no evidence of any criminal record or history of immigration violations once in the United States, or any attempts to flee prosecution or otherwise escape from authorities; and his manner of entering the United States had no aggravated aspects to it. *See* [Doc. No. 6].

As noted above, in support of his decision to deny bond, the Immigration Judge found

5

Petitioner's evidence insufficient to overcome two considerations having no reasonable evidentiary relationship to Petitioner's being a flight risk, specifically his working without authorization, the lack of what was regarded as a "sponsorship letter" and what was seen as tax evasion.

Petitioner's unauthorized employment is inextricably related to the unlawful status that has caused his detention and request for a bond hearing in the first place. Were a noncitizen's unlawful status, and the unauthorized employment that often, if not typically attaches to it, in and of itself, a proper basis upon which to deny bond, the discretionary detention under § 1226(a), with its prescribed bond hearing, which allows for a noncitizen to be released if they are not a danger to the community or a flight risk, 8 C.F.R. § 236.1(c)(8), would become a *de facto* mandatory § 1225 detention. Moreover, it is difficult to see how any reasonable inference of flight risk could be drawn from a history of steady employment, even if unauthorized; if anything, such employment undercuts any finding of flight risk. Accordingly, denial of bond based on those considerations does not satisfy constitutionally required due process with respect to the determination of flight risk. Likewise, a difference between the income listed on his filed tax returns over the years and what was listed on an unfiled application for cancellation of removal appears, unsigned by the Petitioner, even if evidencing some underreporting of income, is not a consideration that would provide the evidentiary support due process constitutionally required in determining flight risk. The lack of a "sponsor letter" does have some rational relationship to flight risk, but it is difficult to see from this record before the Court how what Petitioner provided by way of third-party assurances failed to satisfy what was needed in a "sponsor letter." In sum, the considerations upon which it was determined that Petitioner constitutes a flight risk were so lacking in probative value as to that issue that their use in determining flight risk failed to provide the Petitioner with

constitutionally sufficient due process.

For the above reasons, it is hereby

**ORDERED** that the Motion is GRANTED; and it is further

**ORDERED** that within 3 days of this Order, the Respondents either release Petitioner or provide him with an individualized constitutionally compliant bond hearing consistent with this Order; and that if a bond hearing is provided, Respondents notify this Court within 24 hours of the bond hearing's decision and if bond is denied, the reasons for denial of bond.

The Clerk is directed to send copies of this Order to all counsel of record.

Alexandria, Virginia
February 18, 2026

/s/
Anthony J. Trenga
Senior United States District Judge

7